[No. 5250.]
[No. 2875 C. A.]

## THE DENVER & RIO GRANDE RAILROAD COMPANY v. SPORLEDER.

1. **Master and Servant—Injuries to Servant—Defective Tools.**

Where the servant declines to use the tools furnished by the master, and uses those of his own selection, he cannot hold the master liable for injuries caused by defects therein.—P. 147.

2. **Same—Negligence—Warning of Danger.**

An employee, apparently of ordinary intelligence and who had been working as a carpenter on different works of construction for about twelve years, was directed by his employer to chip off certain stone masonry within which to fit in window jambs, and, in doing so, was injured by a piece of steel from the tools striking him in the eye. Held, that plaintiff, with his experience as a builder, was as competent to determine the danger from flying pieces of steel or stone as the employer, and therefore the latter was not guilty of negligence in failing to warn him of the danger.—P. 147.

**3. Same—Assumed Risk.**

A carpenter employee was directed to chip certain stone masonry for the fitting of window jambs, and, after working at this employment for two or three days, he returned to carpentering for several days, and then resumed the former work, and was injured by a piece from the tools used striking him in the eye. Held, that, when he returned to the work of cutting the stone, he had actual knowledge of the danger arising from flying pieces of steel or stone, and, having continued to work with such knowledge and without protest, he assumed the risk.—P. 147.

**4. Same.**

The servant assumes the obvious risks arising from the condition of affairs, and, where he possesses ordinary intelligence and ability and experience, the master is not obliged to warn him of an obvious danger whenever it be known to the servant or could have been ascertained by him in the exercise of ordinary care.—P. 147.

**5. Same—Safe Tools.**

Where the servant discards the tools furnished him by the master, not because they were unsafe, but because they were not handy, and, without requesting the employer to furnish other tools, procures others which seem to him to be more convenient, and he is subsequently injured on account of a defect in them, he cannot complain that the master was negligent in failing to furnish safe tools.—P. 148.

*Appeal from the District Court of El Paso County.*
*Hon. Louis W. Cunningham, Judge.*

Action by Michael Sporleder against The Denver & Rio Grande Railroad Company. From a judgment for plaintiff, defendant appeals.

*Reversed and remanded.*

Messrs. WOLCOTT, VAILE & WATERMAN, Mr. E. N. CLARK, and Messrs. McALLISTER & GANDY, for appellant.

Messrs. McKESSON & LITTLE, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In the early part of August, 1901, plaintiff applied to the construction foreman of defendant for a

position to do carpenter work.  He was employed, and at the time of his employment was informed by the foreman that he might be required to do some other work than carpentering in connection with the bridge and building construction.  He was put to work on the baggage room of defendant's depot in Colorado Springs, which was then in course of construction.  It appears that the walls of this building were constructed of stone and that the stone masons had prepared the openings which were to be used as windows for window jambs eight inches in width, while the jambs which had been prepared for that purpose were nine inches in width, so that it became necessary to trim off the stone so as to admit of the fitting of the nine-inch jambs.  Plaintiff was directed to do this work.  He testified that when he was so directed: "At that time I told him, 'pshaw, any of the rest of the carpenters can do this just as well as myself, I am no stone cutter.'  He (Mr. Eastman, who had given the order) said, 'I know it is outside of your line, but Mr. Snyder (the foreman) thinks you can do it.'  I told him besides that, 'I haven't got a mortar-digging chisel,' and he says he will have one made for digging out mortar.  *  *  * There was nothing said about my knowing anything about that kind of business  *  *  *  I says, 'well, if Snyder wants me to, I guess I will have to,' and I went to work."

Plaintiff was furnished with a chisel, called a mortar-digging chisel, with which to remove the mortar between the layers of stone, and with some other chisels and points and a large copper mallet or hammer with which to do the work.  After working a while he complained that the copper hammer was too heavy, and Mr. Eastman, who seemed to be a sort of a sub-foreman, told him to get one to suit himself.  He then procured from a second-hand

store a steel hammer and some chisels which he considered suitable for the work. After working two or three days at this stone work, he ceased for a couple of days and returned to the doing of some carpenter work, and then again, upon the request of the company, began working on the stone work, and, while so engaged, a piece of steel, either from the chisel which he was using or from the hammer, struck him in the eye, with the final result that the eye-ball had to be removed. Plaintiff then brought this action against defendant, and in his complaint alleged that he was employed as a carpenter and that his duty was to do ordinary carpenter work; that defendant's superintendent wrongfully ordered and directed him to quit his work as a carpenter and begin to work as a stone cutter; that plaintiff protested against said change of occupation, but that in obedience to the persistent orders of defendant's superintendent he began cutting the stone as directed, and that defendant did not furnish him with safe and proper tools with which to cut stone, but furnished him with defective, dangerous and insufficient tools, chisels and hammers, none of which could be safely used in cutting stone; that the chisels furnished plaintiff were brittle and easily chipped; that one of the chisels furnished by defendant, and which was then being used by plaintiff in cutting stone for defendant, broke, and a piece thereof flew and struck plaintiff in the right eye, causing the injury; that plaintiff did not know of the defective and dangerous condition of the tools and chisels, and that defendant failed to warn plaintiff of the dangers incident to the work of stone cutting.

Defendant filed a general denial, and alleged, as affirmative defenses, contributory negligence and assumption of risk.

The proof does not show positively whether the chisel plaintiff was using at the time of the accident was furnished by plaintiff or defendant, neither does it show whether the piece of steel which lodged in plaintiff's eye came from the hammer or from the chisel. The plaintiff introduced much testimony to show that the trimming of the stone was not work such as should ordinarily be performed by a carpenter, but that it was work that should be performed by a stone cutter. He also introduced testimony to show that the hammer was not at all suitable for that character of work and that some of the chisels were not suitable, while others were suitable.

It does not appear from the testimony that the chisels furnished by the defendant were not suitable; it does not appear from the testimony that the hammer furnished by the defendant was not suitable; it appears positively that the hammer that was used was the one furnished by the plaintiff himself and one which the stone cutters, who testified, said was an improper tool because it was too light and because the surface of the striking part was broken and irregular, the handle was crooked, and it had various defects which would render it an improper tool. It also appears, and is not contradicted, that the hammer furnished by the defendant, being copper, would be much less apt to cause a sliver of steel to fly from the chisel than the steel-faced hammer would, because copper is the softer metal.

At the close of the testimony, the defendant requested the court to instruct the jury to return a verdict for the defendant. This request was refused, and, we think, erroneously, because the testimony of Mr. Snyder, the foreman who employed plaintiff, which is not denied, is that he informed plaintiff at the time of the employment that he might be called upon to do other work than carpenter work; that at

the time plaintiff was requested to do this work, while he stated that he was not a stone cutter, his protest was made upon the ground that any of the other carpenters could do the work as well as he could, and not that it was work which he was not employed to do. Plaintiff refused to use the tools which were furnished by defendant, preferring rather to use those of his own choice, and if he made an improper choice it is his misfortune, for which the defendant cannot be held accountable.

The plaintiff was apparently a man of ordinary intelligence, he had been working as a carpenter for about twelve years, he had worked as a carpenter upon different railroads and upon other works of construction, and with his experience as a builder he could as easily determine that there was danger of being struck by flying pieces of steel or stone as the employer, and the employer was not guilty of negligence in failing to warn him of this danger. Again, having worked in cutting stone for two or three days previous to the time he was injured and then changing his labor to that of a carpenter for several days, when he returned to the work of cutting stone, he had actual knowledge of the danger which might exist from flying pieces of steel or stone, and having continued to work with knowledge of the dangerous character of the employment and without making protest, he assumed the risk.—*Cripple Creek Sampling & Ore Co. v. Souza,* 37 Colo. 393.

The servant assumes the obvious risks arising from the condition of affairs, and, where he possesses ordinary intelligence and ability and experience, the master is not obliged to warn him of an obvious danger whenever it be known to the servant or could have been ascertained by him in the exercise of ordinary care.—Dresser's Employers' Liability, sec. 95; DeLeon & Moon, Law of Liability, p. 107.

Plaintiff is in no position to contend that the defendant was negligent in failing to furnish him with safe tools, because the proof shows that the plaintiff discarded the tools furnished by defendant, not because they were unsafe, but because they were not handy, and, without requesting the employer to furnish other tools, he procured some which seemed to him to be more convenient. Being injured by the use of tools which he thus supplied for himself, of course he cannot complain of the master if such tools were unsuitable and unsafe. In the undisputed testimony, there is no theory upon which the defendant can be held liable for the misfortune of the plaintiff.

The judgment of the district court will therefore be reversed and the cause remanded with instructions to dismiss the complaint.

*Reversed and remanded.*

Chief Justice Steele and Mr. Justice Goddard concur.